AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

| United States of America | ) |
|---|---|
| v. | ) |
| RICHARD LEE JOHNSON | ) Case No. 16-mj-7037 |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 25, 2016__ in the county of __Madison__ in the
__Southern__ District of __Illinois__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 5861(d) | Possession of an Unregistered Destructive Device |

This criminal complaint is based on these facts:

On or about April 25, 2016, in Madison County within the Southern District of Illinois, defendant, knowingly possessed a destructive device in the form of an explosive and explosive components, not registered to the defendant in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5845(a)(8), 5845(f), 5861(d) and 5871.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

DUANE CLAUER, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/26/16

_____
*Judge's signature*

City and state: East Saint Louis, Illinois    STEPHEN C. WILLIAMS, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Duane J. Clauer, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "ATF").

2. I am a Special Agent with the ATF. I have been so employed since July of 2013. As part of my regular duties as a Special Agent, I investigate criminal violations of the federal firearms and racketeering laws including Title 18, United States Code, Sections 922, 924, and 1952, as well as the National Firearms Act Title 26. I have received training regarding, among other things, violations of federal firearms and narcotics laws at the Federal Law Enforcement Training Center and the Bureau of Alcohol, Tobacco, Firearms, and Explosives Academy.

3. I have been a law enforcement officer for approximately 8 years, having previously been employed as a Special Agent in narcotics with the Wisconsin Department of Justice, Division of Criminal Investigation from 2012-2013. I was a Wisconsin State Trooper from 2008-2012, where I often conducted highway interdiction, and worked closely with the Milwaukee HIDTA conducting drug interdiction. For the majority of my time in law enforcement, I have been assigned to various local, regional and federal task forces, including participation in multiple Organized Crime Drug Enforcement Task Force ("OCDETF") operations, focused on the investigation of violent crimes and narcotics trafficking. I have been involved in various forms of electronic surveillance and the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage, and importation of controlled substances.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all of my knowledge about this matter.

5.      This affidavit outlines the undersigned affiant's request for a criminal complaint.

## PROBABLE CAUSE

6.      On April 25, 2016, the Alton Police and Fire Department responded to a 911 call at 836 Central Avenue in Alton, IL. The 911 call was for a male who stated a gas can blew up in his van who's bleeding, and that the van wasn't on fire. Officers arrived identifying the victim who was bleeding from his hand and chest as Richard L. Johnson DOB: 05/06/89 who stated he lived at 301 N Elm in Bethalto, IL. Johnson informed officers that the gas can "blew up" in his van, but the van was not on fire. Johnson informed Alton Police Department Officers that a gas can "blew up" in the van, while Johnson was smoking a cigarette, causing injuries to his hands and chest.

7.      You affiant learned that when the Alton Police Department officers arrived they found the injuries consistent with something burning or exploding. Officers located the van parked on Arch Street in the area of 816 Arch Street. Johnson gave consent for Officers of the Alton Police Department to search the van.

8.      The Alton Police Department located items of drug paraphernalia inside the van listed above, such as (1) clear glass pipe, and (1) white metal pipe commonly used to inhale burnt cannabis. Officer also located (2) Madison County Sheriff's badges, (1) Sheriff Deputy Badge, (1) Security Enforcement Badge, and (2) pins in the shape of the State of Illinois.

9.      Officers also located several items that were part of a destructive device or used to

manufacture a destructive device. Officers located (3) pieces of possible burnt copper shrapnel, (3) sets of staple, (1) blue Bic brand lighter, (1) small piece of wood that appeared to be consistent with a stick from a bottle rocket that were all located in the Driver's area of the vehicle. Officers also located (1) Reis brand glove and a white cloth material, each showing signs of being burned and covered in blood.

10. Officers located copper shrapnel outside the vehicle that looked substantially similar to the copper shrapnel located inside the vehicle.

11. Officers noted during the search of the vehicle no gasoline cans or smell of gasoline were present in or around the above described van. Officers also indicated that the van smelled like gun powder rather than gasoline.

12. Officers learned that a female later identified as Alisha M. Cobb, contacted the Alton Police Department around a week prior of this incident that she was the target of an attack by Richard Johnson.

13. That Alisha Cobb, who resides at 808 Arch St, Alton, Illinois, stated that approximately (1) week ago, she met with Richard Johnson regarding a drug deal. Alisha Cobb stated that Richard Johnson threatened to blow up Alisha Cobbs residence during the drug deal. Alisha Cobb stated that she received $50 from Richard Johnson, and promised to get Richard Johnson some pills. Alisha Cobb stated she was dropped off a couple houses away from her residence and kept Richard Johnson's $50. Alisha Cobb stated she went through the back yard of two houses to get to her house so Richard Johnson wouldn't know where she resided.

14. Alisha Cobb stated that she observed Richard Johnson get out of his van which was parked near the front of her house a short time later on April 21, 2016. Alisha Cobb stated she observed Richard Johnson light something in the roadway and place it on the ground. Alisha

3

Cobb stated the object subsequently exploded. Alisha Cobb stated since that day she's received threatening text messages from Richard Johnson threatening to blow up Alisha Cobb's residence. Alisha Cobb stated that Richard Johnson told Alisha Cobb that he is a "bomb maker."

15. That Alisha Cobb identified a photo of Richard L. Johnson (White male DOB: 05/06/89) as the offender.

16. That Richard Johnson was interviewed, in which he said that he was smoking a cigarette inside the above described van, and for an unknown reason, something exploded in his hand. Richard Johnson denied wearing any gloves during this incident. Richard Johnson further denied having an improvised explosive device. Richard Johnson denied knowing Alisha Cobb or having any prior contact with her. Richard Johnson told the Alton Police Department he was in the area of Arch St., looking for items to scrap. Richard Johnson stopped answering questions and requested an attorney.

17. Your affiant interviewed Deandre L. Walker who resides at 816 Arch St. regarding the incident. Walker identified a photo of Richard Johnson as the individual he saw on April 21, 2016 lighting an object with a fuse in the area of 812 Arch St. Walker stated that the object that Johnson lit was red in color and had a wick on it. Walker stated that Richard Johnson was in a white van and looking for a female. Walker stated that Richard Johnson seemed upset, and Walker asked Johnson not to light the firecracker, in which Walker stated Johnson replied that it wasn't a firecracker. Walker stated that Richard Johnson stated that "this is a warning", and that Johnson lit the wick of the device and drove away. Walker stated the object in the road exploded, and objects hit his neighbor's house located at 812 Arch St. Walker further stated that on April 25, 2016 before noon Walker heard a loud explosion. Walker stated he went outside and saw the same van as described above parked on Arch St. Walker stated that Richard

4

Johnson was trying to start the van. Walker stated that Johnson saw Walker and got out of the van and walked toward "Cowboy's" located at 836 Central Avenue. Walker stated the loud explosion sounded the same as the explosion that took place on April 21st.

18. Your affiant spoke to Alton Police Department Detective Marcus Pulido who stated that Richard Johnson made statements to one of the Jailers. Det. Pulido stated that Richard Johnson informed the jailer that he read an anarchist book that talked about making bombs.

19. Your affiant learned through Det. Pulido that Richard Johnson gave Det. Pulido the address of 301 N Elm in Bethalto as his residence. Furthermore your affiant contacted the Madison County Sheriff's Department who stated that Johnson has been using the 301 N. Elm address for the last couple years as Johnson's residence.

20. Your affiant learned through ATF SA Andre Miller that Richard Johnson doesn't have a firearm registered to him through the National Firearms Registration and transfer Record.

21. Your affiant also learned the following from SA Eric Shelvey. ATF Explosive Enforcement Officer (EEO) Mike Eggleston examined photographic evidence of the shrapnel provided to him. Eggleston confirmed that the recovered shrapnel from April 25, 2016, was consistent with a detonated copper pipe bomb. Such a bomb would meet the definition of a destructive device pursuant to Title 26, United States Code, Sections 5845(a)(8) and 5845(f)(1)(A).

FURTHER AFFIANT SAYETH NAUGHT.

_____
DUANE J. CLAUER, Special Agent

_____
WILLIAM E. COONAN
Assistant United States Attorney

_____
**STEPHEN C. WILLIAMS**
**United States Magistrate Judge**

6